UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERTO MARQUEZ, et al.,

    Plaintiffs,

    v.

WELLS FARGO BANK, N.A.,

    Defendants.

_____/

No. C 13-2819 PJH

**ORDER GRANTING MOTION TO DISMISS**

The motion of plaintiffs Roberto Marquez and Eduvijes Marquez for an order remanding the above-entitled action to the Superior Court of California, County of San Mateo, and the motion of defendant Wells Fargo Bank, N.A. ("Wells Fargo"), for an order dismissing the complaint for failure to state a claim, came on for hearing before this court on September 4, 2013. Plaintiffs appeared by Zachary Toran, who had not previously entered an appearance in this case, and Wells Fargo appeared by Kenneth Franklin. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion to remand and GRANTS the motion to dismiss as follows.

**BACKGROUND**

On January 3, 2007, plaintiffs borrowed $315,000 from World Savings Bank, FSB ("World Savings"). The loan was memorialized by a promissory note and secured by a Deed of Trust recorded against real property located in East Palo Alto, California ("the property"). World Savings subsequently changed its name to Wachovia Mortgage, FSB, and then to Wells Fargo Bank Southwest, N.A., and in 2009, merged with Wells Fargo.

Plaintiffs failed to make the loan payments, thereby defaulting on the loan. A Notice

of Default and Election to Sell under Deed of Trust was recorded by Cal Western Reconveyance ("Cal Western") on April 25, 2013. However, no notice of sale has been recorded, and no date has been set for a foreclosure sale.

Plaintiffs filed the complaint in the present action on May 20, 2013 in San Mateo Superior Court, against Wells Fargo and Cal Western. Wells Fargo removed the case on June 19, 2013, alleging diversity jurisdiction. Wells Fargo asserts that plaintiffs are citizens of California and that Wells Fargo is a citizen of South Dakota, the state where its main office (as provided in its Articles of Incorporation) is located. As for Cal Western, Wells Fargo alleges that it is a nominal party (as trustee under the deed of trust), and that it was fraudulently joined by plaintiffs in an attempt to defeat diversity.

The gist of plaintiffs' complaint is that "defendants" failed to comply with certain requirements of the recently enacted "California Homeowner Bill of Rights" ("HBOR"), specifically, California Civil Code §§ 2923.55, 2923.6, 2923.7, and 2924.17, and that the Notice of Default was therefore "defective."

The complaint alleges six causes of action – (1) violation of Civil Code § 2923.55; (2) violation of Civil Code § 2923.6; (3) violation of Civil Code § 2923.7; (4) violation of Civil Code § 2924.17; (5) violation of California Business & Professions Code § 17200; and (6) breach of the implied covenant of good faith and fair dealing. The first five causes of action are asserted against both defendants, and the sixth cause of action is asserted against Wells Fargo only.

Plaintiff now seeks an order remanding the case, and Wells Fargo seeks an order dismissing the complaint for failure to state a claim.

**DISCUSSION**

A.  Motion to Remand

On July 19, 2013, plaintiffs filed a motion to remand, arguing that Wells Fargo's principal place of business is in California, and that the parties are therefore not completely diverse. Wells Fargo filed its opposition on August 2, 2013, in accordance with the local rules. Plaintiffs' reply was due on August 9, 2013, but none was filed.

1. Legal Standard

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. 1447(c). There is a "strong presumption" against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Doubts as to removability are resolved in favor of remanding the case to state court. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

2. Plaintiffs' Motion

Plaintiffs argue that the case must be remanded because the court lacks subject matter jurisdiction – specifically, because the complaint was removed based on diversity jurisdiction, but the parties are not completely diverse. Plaintiffs assert that Wells Fargo is a citizen of both South Dakota (based on articles of incorporation) and California (based on location of financial main office).

The court finds that the motion must be DENIED, for the reasons stated at the hearing. In Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), the Supreme Court held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id. at 307.

The parties dispute whether this ruling should be interpreted as meaning that a national bank can be considered a citizen only of the state in which its "main office" is located, or whether it can also be considered a citizen of the state where its "principle place of business" is found. The Ninth Circuit has not ruled on this issue, and district courts in

3

1 California are divided on the question. However, it appears that a substantial majority of
2 district courts have rejected the "dual citizenship" theory.

3 The court finds, based on the language of Schmidt, that Wells Fargo is a citizen of
4 only South Dakota, the state in which its main office is located under its articles of
5 association. See, e.g., Crane v. Wells Fargo, 2013 WL 3802416 (N.D. Cal. July 19, 2013);
6 Alonzo v. Wells Fargo Bank N.A., 2013 WL 3787298 (N.D. Cal. July 18, 2013); Lindberg v.
7 Wells Fargo Bank N.A., 2013 WL 3457078 (N.D. Cal. July 9, 2013). For this reason,
8 plaintiffs and defendant are completely diverse, and the motion to remand is denied.

9 B.  Motion to Dismiss

10 Wells Fargo filed a motion to dismiss on June 26, 2013, and a "corrected" motion to
11 dismiss on June 27, 2013. Under the Civil Local Rules of this court, plaintiffs' opposition
12 was due no later than July 11, 2013. However, no opposition was filed by that date. On
13 July 16, 2013 (two days before the reply was due), Wells Fargo filed a notice indicating that
14 no opposition had been filed. Plaintiffs finally filed the opposition on July 30, 2013, with no
15 explanation as to why it was not filed on the due date.

16 Because plaintiffs failed to comply with the requirements of Civil Local Rule 7-3,
17 failed to seek leave of court to file a late opposition, and, when specifically queried by the
18 court at the hearing, failed to provide any justification for filing the opposition almost three
19 weeks late, the court finds that the opposition brief must be stricken as untimely, as no
20 reason, much less good cause, has been provided.

21     1.  Legal Standard

22 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal
23 sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191,
24 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom
25 Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive
26 a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the
27 minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires
28 that a complaint include a "short and plain statement of the claim showing that the pleader

4

is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Nevertheless, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See Twombly, 550 U.S. at 558-59. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

  2. Defendant's Motion

Wells Fargo makes a number of arguments in support of its motion. Principally, Wells Fargo asserts that all causes of action asserted in the complaint are preempted by the Homeowners Loan Act of 1933 ("HOLA"), 12 U.S.C. §§ 1461, et seq., and its implementing regulations, and also argues that each cause of action fails to state a claim. Because the court finds that the first through fifth causes of action are preempted by HOLA, it does not also address Wells Fargo's argument that those causes of action fail to state a claim.

Federal savings associations, including federal savings banks, are subject to HOLA and regulated by the Office of Thrift Supervision ("OTS"). Through HOLA, Congress gave

OTS broad authority to issue regulations governing thrifts. 12 U.S.C. § 1464; see Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1005 (9th Cir. 2008). In contrast, federally chartered banks are subject to regulation by the Office of Comptroller of the Currency under the National Banking Act ("NBA").

However, before deciding whether HOLA preempts plaintiffs' claims, the court must resolve whether Wells Fargo, which is not a federally-chartered institution, is entitled to assert HOLA preemption in this case. The original lender as indicated on the Deed of Trust was World Savings Bank, FSB and "its successors and/or assignees." Paragraph 15 of the Deed of Trust relates to "Governing Law." It provides that the Trust Deed and the secured notes "shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions . . . ."

Numerous district courts have held that successors in interest may properly assert preemption under HOLA even if the successor entity is not a federally chartered savings. See, e.g., Hayes v. Wells Fargo Bank, N.A., 2013 WL 4117050 at *4 (N.D. Cal. Aug. 12, 2013); Babb v. Wachovia Mortg., FSB, 2013 WL 3985001 at *4 (C.D. Cal. July 26, 2013); Williams v. Wells Fargo Bank, N.A., 2013 WL 2047000 *3 (C.D. Cal. May 13, 2013); Copeland-Turner v. Wells Fargo Bank, 800 F.Supp.2d 1132, 1144 (D. Or. 2011); Appling v. Wachovia Mortg., FSB, 745 F.Supp.2d 961, 971 (N.D. Cal. 2010); DeLeon v. Wells Fargo Bank, N.A. 729 F.Supp. 2d 1119, 1126 (N.D. Cal. 2010).

It is true that a minority of courts have concluded that HOLA should apply only to conduct that occurred prior to the merger of Wachovia into Wells Fargo, a national bank not governed by HOLA. See, e.g., Hopkins v. Wells Fargo Bank, N.A., 2013 WL 2253837 at *3 (E.D. Cal. May 22, 2013); Rodriguez v. U.S. Bank Nat. Ass'n, 2012 WL 1996929 at *7 (N.D. Cal. June 4, 2012). In this case, however, given that plaintiffs contracted with a Federal Savings Bank, and that the parties agreed to be bound by such laws under the terms of the Deed of Trust, the court finds no bar to applying HOLA preemption.

The fact that World Savings Bank changed its name to Wachovia Mortgage, FSB, and subsequently merged into Wells Fargo does not render HOLA inapplicable. In

addition, this court has previously ruled that where a plaintiff's loan originated with World Savings, which was a federal savings bank, claims subsequently asserted against Wells Fargo were subject to HOLA. See Vann v. Wells Fargo Bank, 2012 WL 1910032 at *5-6 (N.D. Cal. May 24, 2012); see also Parmer v. Wachovia, 2011 WL 1807218 at *1 & n.1 (N.D. Cal. Apr. 22, 2011).

In promulgating regulations under HOLA, OTS has made clear that it "occupies the entire field of lending regulation for federal savings associations," leaving no room for conflicting state laws. See 12 C.F.R. § 560.2(a). OTS has provided a non-exhaustive list of types of state laws that are expressly preempted. See 12 C.F.R. § 560.2(b) (expressly preempting state regulation of federal thrift activities dealing with, among other things, terms of credit, loan-related fees, servicing fees, disclosure and advertising, loan processing, loan origination, and servicing of mortgages).

Of particular relevance here, state laws are preempted under HOLA if they impose requirements on "[t]he terms of credit, . . . including . . . adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or under a specified event external to the loan," or if they impose requirements on "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . . ." 12 C.F.R. § 560.2(b)(4), (10).

When evaluating whether a state law is preempted by HOLA, the Ninth Circuit first determines whether, as applied, the state law is the type of law listed in § 560.2(b). If it is, the analysis ends and the law is preempted. See Silvas, 514 F.3d at 1005. If the law in question, as applied, is not listed in § 560.2(b), then the court should determine whether the law "affects lending." If the answer is yes, a presumption arises pursuant to § 560.2(a) that the law is preempted. Id. Any doubt is resolved in favor of preemption in order to comply with OTS regulations. Id. at 1006.

The Ninth Circuit's emphasis is on the "functional effect upon lending operations of maintaining the cause of action," rather than on "the nature of the cause of action allegedly

7

preempted." Rumbaua v. Wells Fargo Bank, N.A., 2011 WL 3740828 at *7 (N.D. Cal. Aug. 25, 2011) (citation omitted). That is, the pertinent question is whether applying a state law to a federal savings association would "impose requirements" on the lender concerning activities regulated by OTS. Id.; see also Naulty v. GreenPoint Mortg. Funding, Inc., 2009 WL 2870620 at *3-4.

The court finds that the first through fourth causes of action, which allege various violations of the HBOR, are preempted by HOLA. In the first cause of action, plaintiffs assert that they were "available to meet with mortgagee, trustee, beneficiary, or authorized agent to explore available options to avoid foreclosure[,]" but that despite this "availability," defendants "failed to attempt to contact" them in order to comply with the requirements of Civil Code § 2923.55(b)(2). See Cplt ¶¶ 26-30. Claims for violation of Civil Code § 2923.5 (the predecessor of § 2923.55) are preempted by HOLA because they fall "squarely within the scope of HOLA's Section 560.2(b)(10)." Taguinod v. World Sav. Bank, FSB, 755 F.Supp. 2d 1064, 1073 (C.D. Cal. 2010) (citing cases).

In the second cause of action, plaintiffs allege that defendants filed the Notice of Default without first making a written determination that plaintiffs were not eligible for a loan modification, or that plaintiffs were offered a loan modification but rejected it, or that plaintiffs accepted a loan modification but defaulted on the new loan, in violation of Civil Code § 2923.6. Cplt ¶¶ 36-40. Courts have found that claims for violations of § 2923.6 are preempted by HOLA. See Sato v. Wachovia Mortg., FSB, 2011 WL 2784567 at *7 (N.D. Cal. Jul. 13, 2011) (claim that lender violated California Civil Code § 2923.6 by failing to modify her loan preempted by HOLA under provisions for "processing, origination, sale or purchase of . . . mortgages" and "terms of credit").[1]

In the third cause of action, plaintiffs assert that "although they have asked to be reviewed for alternatives to foreclosure, they have never been assigned a 'single point of

---

[1] Moreover, the cause of action for violation of Civil Code § 2923.6 fails because that statute does not provide a private right of action. See Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1188 (N.D. Cal. 2009).

8

contact' to provide them assistance in applying for potential foreclosure alternatives," as required by Civil Code § 2923.7. Thus, they allege, they have in effect never been given a meaningful opportunity to apply for, and receive, a loan modification offer. Cplt ¶¶ 43-46. The court finds that this cause of action is preempted by HOLA, as it imposes requirements on "processing" or "servicing" of mortgages, or on the "terms of credit," and also seeks to impose an obligation that affects lending. It is further preempted to the extent that plaintiffs allege that Wells Fargo was required to offer a loan modification. See, e.g., Gabali v. OneWest Bank, FSB, 2013 WL 1320770 at *10 (N.D. Cal. March 29, 2013).

In the fourth cause of action, plaintiffs allege that the declaration attached to the Notice of Default falsely stated that defendants had complied with the "due diligence" requirements of Civil Code § 2923.55 prior to filing the Notice of Default. Plaintiffs assert that this failure to contact them violated Civil Code § 2924.17. Section 2924.17 prohibits the practice of robo-signing, in which servicers sign foreclosure documents without determining the right to foreclose. Plaintiffs do not allege that Wells Fargo engaged in "robo-signing." Rather, this claim relates back to the first cause of action for violation of § 2923.55. The court finds that this cause of action is preempted by HOLA, as it imposes requirements on the "processing" and "servicing" of mortgages.[2]

In the fifth cause of action, plaintiffs allege that defendants violated § 17200 by engaging in unfair and fraudulent business acts and practices, with respect to "mortgage servicing" and "foreclosure of the property," by assessing and attempting to collect improper and excessive late fees; by improperly characterizing plaintiffs' loan as being in default or being delinquent, in order to generate unwarranted fees; by "providing misleading and incomplete information in order to foreclose" on the property; and by issuing a Notice of Default without first complying with the legal requirements of the HBOR. Cplt ¶¶ 54-68. Plaintiffs also assert that the business acts and practices of Wells Fargo and Cal Western

---

[2] Moreover, § 2924.17 provides for liability for "multiple and repeated uncorrected violations" of recording and filing requirements listed in § 2924.17(a), but does not provide a private right of action for a single violation. See Cal. Civ. Code § 2924.17(c).

9

were "unfair" because they were "immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to mortgage borrowers." See Cplt ¶¶ 69-70. The § 17200 cause of action is entirely derivative of the first through fourth causes of action, and thus is preempted by HOLA for the reasons stated above.

Finally, in the sixth cause of action, plaintiffs allege that Wells Fargo breached the implied covenant of good faith and fair dealing by breaching various "covenants" of the Deed of Trust, including Covenant No. 3 ("Application of Borrower's Payments"), Cplt ¶¶ 81-83; Covenant No. 15 ("Governing Law; Severability"), Cplt ¶¶ 84-88; Covenant No. 28 ("Rights of the Lender if There is a Breach of Duty"), Cplt ¶¶ 89-90; Covenant No. 22 ("Captions" – which are specified to be "for reference only"), Cplt ¶¶ 91-92.

Plaintiffs claim that Wells Fargo breached Covenant No. 3 by charging excessive and improper late charges, by improperly characterizing plaintiffs' loan as being in default, and by attempting to collect improper fees and costs. They assert that Wells Fargo breached Covenant No. 15, by failing to follow the "governing law," which is the law of California. They contend that Wells Fargo breached Covenant No. 28 by failing to comply with California's non-judicial foreclosure statutes. They assert that Wells Fargo breached Covenant No. 22 by fraudulently recording the Notice of Default.

While HOLA preempts state laws that seek to impose requirements on, e.g., loan origination and servicing, loan payment processing, and lending activities, it does not preempt state laws of general applicability, such as tort, contract, and real property laws, to the extent that those laws "only incidentally affect . . . lending operations." See 12 C.F.R. § 560.2(c); see Silvas, 514 F.3d at 1006-07. Here, however, the court finds that the sixth cause of action is more amenable to dismissal for failure to state a claim than for HOLA preemption (although portions of the claim are also arguably barred by operation of HOLA).

Under California law, "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Storek & Storek, Inc. v. Citicorp Real Estate, Inc., 100 Cal. App. 4th

10

44, 55 (2002). In order to sustain a claim for breach of the implied covenant, a plaintiff must allege that (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff. Woods v. Google, Inc., 889 F.Supp. 2d 1182, 1194 (N.D. Cal. 2012); see also Rosal v. First Fed. Bank of Calif., 671 F.Supp. 2d 1111, 1129 (N.D. Cal. 2009) (to state a claim, plaintiff must allege existence of a specific contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract). A court may not imply a covenant of good faith and fair dealing which contradicts the express terms of a contract. Storek, 100 Cal. App. 4th at 55; see also Racine & Laramie, Ltd. v. Department of Parks and Recreation, 11 Cal. App. 4th 1026, 1031-33 (1992).

       The motion is GRANTED. It appears that plaintiffs may be alleging that Wells Fargo violated the express terms of the Deed of Trust. However, any such breach, if it occurred, would be a breach of contract, and plaintiffs have not alleged a claim of breach of contract – nor do their allegations support a breach of contract claim. In addition, to the extent that plaintiffs are alleging a violation of HBOR as a basis for this claim, the covenant of good faith and fair dealing cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement.

       Moreover, plaintiffs have not alleged that they themselves performed under the contract. Nor have they alleged any bad faith conduct by Wells Fargo that frustrates their rights to benefit from the contract, or any facts showing how Wells Fargo breached the implied covenant of good faith. Plaintiffs' only claim here is that Wells Fargo breached various "covenants" of the Deed of Trust. Where a plaintiff's allegations of breach of the duty of good faith and fair dealing "do not go beyond the statement of a mere contract breach and . . . simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no

11

additional claim is actually stated." Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1395 (1990).

Plaintiffs cannot plead a tort claim for breach of contract (breach of implied covenant) that alleges nothing more than what a claim of breach of express contract would allege. Moreover, plaintiffs cannot state a claim for breach of the Deed of Trust, given their failure to perform by making the loan payments.

## CONCLUSION

In accordance with the foregoing, Wells Fargo's motion to dismiss the complaint is GRANTED. Given plaintiffs' failure to file a timely opposition, and their failure to provide, either in writing or at the hearing, any basis for amending the complaint, the court dismisses the claims asserted against Wells Fargo with prejudice.

The remaining defendant, Cal Western, did not join in the motion and does not appear to have been served, as it has made no appearance.

**IT IS SO ORDERED.**

Dated: September 13, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge